# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF VERMONT

| | |
|---|---|
| **MID VERMONT CHRISTIAN SCHOOL**, on behalf of itself and its students and its students' parents; **A.G.** and **M.G.**, by and through their parents and natural guardians, Chris and Bethany Goodwin; **CHRISTOPHER GOODWIN**, individually; **BETHANY GOODWIN,** individually; **T.S. and K. S.**, by and through their parents and natural guardians, Nathaniel and Dawna Slarve; **NATHANIEL SLARVE**, individually; and **DAWNA SLARVE**, individually,<br><br>                    Plaintiffs,<br><br>       v.<br><br>**HEATHER BOUCHEY,** in her official capacity as Interim Secretary of the Vermont Agency of Education; **JENNIFER DECK SAMUELSON**, in her official capacity as Chair of the Vermont State Board of Education; **CHRISTINE BOURNE**, in her official capacity as Windsor Southeast Supervisory Union Superintendent; **HARTLAND SCHOOL BOARD**; **RANDALL GAWEL**, in his official capacity as Orange East Supervisory Union Superintendent; **WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD**; and **JAY NICHOLS**, in his official capacity as the Executive Director of The Vermont Principals' Association,<br><br>                    Defendants. | Case No. 2:23-cv-00652-kjd<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(Oral Argument Requested)** |

Plaintiffs Mid Vermont Christian School, A.G., M.G., Christopher Goodwin, Bethany Goodwin, K.S., T.S., Nathaniel Slarve, and Dawna Slarve respectfully move this Court for a preliminary injunction pursuant to Fed. R. Civ. P. 65. This Motion is supported by: (1) the attached Memorandum in Support, (2) the attached exhibits, (3) the attached Declaration of Vicky Fogg, (4) the attached Declaration of Christopher Goodwin, (5) the attached Declaration of Bethany Goodwin, (6) the attached Joint Declaration of Nathaniel and Dawna Slarve, and (7) the Verified Complaint (ECF No. 1) (and the exhibits attached thereto). Plaintiffs request oral argument on this Motion.

Two years ago, the Second Circuit held that Vermont could not exclude religious schools from its Town Tuitioning or Dual Enrollment Programs. *See In re A.H. v. French*, 999 F.3d 98 (2d Cir. 2021) (Town Tuitioning); *A.H. v. French,* 985 F.3d 165 (2d Cir. 2021) (Dual Enrollment). And just last year, the Supreme Court held that Maine's similar tuition program could not exclude religious schools due to their religious exercise. *See Carson v. Makin*, 596 U.S. 767, 789 (2022). Despite these clear precedents, Defendants have excluded Plaintiffs from participating in these and other public programs because of their religious beliefs and exercise, thereby depriving them of public funds that are generally available to secular private schools and the students who attend those schools. In addition, Plaintiffs have been banned from participating in Vermont-sponsored athletics and other extracurricular activities because they sought to adhere to their religious beliefs on sex. Plaintiffs are thus currently barred—on account of their religion—from two state programs that are available to others. The State has discriminated against Plaintiffs based on their religion, acted with hostility to their religious beliefs, burdened their free exercise rights, and infringed their free speech.

Plaintiffs satisfy the factors needed for a preliminary injunction. *See New York ex rel. Schneiderman v. Actavis PLC,* 787 F.3d 638, 650 (2d Cir. 2015). Plaintiffs are likely to succeed on the merits of their claims because Defendants' actions and policies violate the First Amendment. *Id.* At a minimum, Plaintiffs have raised "serious questions going to the merits of

[their] claims to make them fair ground for litigation" and the "balance of the hardships tip[ ] decidedly in [their] favor" because they are currently losing out on public funds and athletic and extracurricular activities. *Id.* (citation omitted). This is irreparable harm because Defendants have violated Plaintiffs' constitutional rights and students like A.G., M.G., T.S., and K.S. cannot compete in Vermont sports causing them to potentially miss scholarship opportunities, awards, and the like. *See Agudath Israel of Am. v. Cuomo,* 983 F.3d 620, 637 (2d Cir. 2020).

So Plaintiffs request that they "be restored to the position they would have occupied had the government not violated their rights under the First Amendment to the U.S. Constitution." *In re A.H.*, 999 F.3d at 108; *see also N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted) (the status quo is "the last actual, peaceable uncontested status which preceded the pending controversy").

Specifically, Plaintiffs move this Court for a preliminary injunction:

1. Ordering Defendants Bouchey and Samuelson to: (a) approve Mid Vermont Christian School as an approved independent school eligible to receive public funds and (b) allow the School to participate in the Town Tuitioning and Dual Enrollment Programs.

2. Prohibiting Defendants Bouchey and Samuelson from requiring Mid Vermont Christian School—as a condition to obtaining approved independent school status—to comply with the Vermont Public Accommodations Act and Vermont Fair Employment Practices Act (via Agency of Education Rule 2200) to the extent those laws prohibit the School from: (a) requiring all employees to share and live out the School's religious beliefs, (b) basing its locker room, pronoun usage, dress code, and athletic team policies on biological sex and not gender identities, and (c) requiring students' parents to share and live out the School's religious beliefs.

3. Prohibiting Defendants Bouchey and Samuelson from requiring Mid Vermont Christian School—as a condition to obtaining approved independent school status—to adopt and post a statement of nondiscrimination consistent with the Vermont Public Accommodations Act and Vermont Fair Employment Practices Act.

2

4. Prohibiting Defendants Hartland School Board, Waits River Valley School Board, Gawel, and Bourne from withholding or denying the payment of Town Tuitioning funds to Mid Vermont Christian School for the high school students in their respective school districts who attend Mid Vermont Christian, including for Plaintiff T.S.

5. Ordering Defendant Nichols to allow Mid Vermont Christian to rejoin the Vermont Principals' Association ("VPA") as a full-status member eligible to participate in all VPA events and activities.

6. Prohibiting Defendant Nichols from enforcing the VPA's gender identity policy (or any other VPA policy) against Mid Vermont Christian in such a way that would force the School to: (a) compete against biological males on girls' athletic teams (or vice versa), (b) allow biological males on its own girls' athletic teams (or vice versa), or (c) rewrite its own policies to conform with the VPA's gender identity policy.

7. Prohibiting all Defendants from penalizing Plaintiffs for: (a) speaking about matters of marriage, sex, and gender in line with their religious views, or (b) following their religious beliefs about marriage, sex, and gender.

8. Issuing the above-requested relief without bond.


Dated: December 19, 2023               Respectfully submitted,


                                       *s/ Michael J. Tierney*
                                       Michael J. Tierney
                                       VT Bar No. 5275
                                       Gretchen M. Wade
                                       NH Bar No. 273726
                                       WADLEIGH, STARR & PETERS, P.L.L.C.
                                       95 Market Street
                                       Manchester, NH 03101
                                       Telephone: (603) 669-4140
                                       Fax: (603) 669-6018
                                       mtierney@wadleighlaw.com
                                       gwade@wadleighlaw.com

*s/ Ryan J. Tucker*
Ryan J. Tucker*
AZ Bar No. 034382
David Cortman
AZ Bar No. 29490
Katherine Anderson*
AZ Bar No. 033104
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
rtucker@adflegal.org
dcortman@adflegal.org
kanderson@adflegal.org

Jacob Reed*
VA Bar No. 97181
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
jreed@ADFlegal.org

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served it on the following via electronic mail and mail:

Steven J. Zakrzewski, Esq.
Gordon Rees Scully Mansukhani
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
Tel. 860-494-7511
Email: szakrzewski@grsm.com
*Counsel for Defendant Jay Nichols*

Pietro Lynn, Esq.
76 St. Paul Street
Suite 400
Burlington, VT 05401
Tel. 802-860-1500
Email:  PLynn@lynnlawvt.com
*Counsel for Defendants Hartland School Board,*
*Waits River Valley School Board, Randall Fawel,*
*and Christine Bourne*

Laura C. Rowntree, Esq.
Patrick Gaudet, Esq.
Kate Gallagher, Esq.
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Tel. 802-595-3717
Email: laura.rowntree@vermont.gov
patrick.gaudet@vermont.gov
kate.gallagher@vermont.gov
*Counsel for Defendants Heather Bouchey*
*and Jennifer Deck Samuelson*

                                                                     <u>*s/ Ryan J. Tucker*</u>
                                                                      Ryan J. Tucker
                                                                      *Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Local Rule 7(a)(7), I made a good faith attempt to obtain the opposing parties' agreements to Plaintiffs' requested relief. On December 15, 2023, I emailed counsel for all Defendants and requested that Defendants agree to Plaintiffs' requested relief. To date, the Parties have not reached an agreement on Plaintiffs' request. In addition, I informed counsel for Defendants that Plaintiffs are amenable to agreeing to a briefing schedule on this motion.

<em><u>s/ Ryan J. Tucker</u></em><br>
Ryan J. Tucker<br>
<em>Counsel for Plaintiffs</em>