UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN, individually; T.S. and K.S., by and through their parents and natural guardians, Nathaniel and Dawna Slarve; NATHANIEL SLARVE, individually; and DAWNA SLARVE, individually;<br><br>      Plaintiffs,<br> v.<br><br>HEATHER BOUCHEY, in her official capacity as Interim Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of The Vermont Principals' Association,<br><br>      Defendants. | Civil Case No.: 2:23-cv-00652 |

## SCHOOL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

  NOW COME Defendants, Christine Bourne, in her official capacity as Windsor Southeast Supervisory Union Superintendent; Hartland School Board; Randall Gawel in his official capacity as Orange East Supervisory Union Superintendent and Waits River Valley (Unified #36

Elementary) School Board ("School Defendants"), by and through their attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and hereby request that the Court deny Plaintiffs' Motion for a Preliminary Injunction. In support thereof, the School Defendants respectfully submit the following Memorandum of Law. The School Defendants incorporate in this Opposition the arguments made in their Motion to Dismiss.

## MEMORANDUM OF LAW

### I. Plaintiffs' Motion for a Preliminary Injunction Must be Denied

As to the School Defendants, Plaintiffs request in their Motion for a Preliminary Injunction an Order prohibiting the School Defendants from: (1) withholding or denying the payment of Town Tuitioning Funds to Mid Vermont for the high school students in their respective districts who attend Mid Vermont; and (2) penalizing Plaintiffs for speaking about certain matters in line with their religious views. *See* Mot. 3. "Preliminary injunctive relief is 'an extraordinary remedy that may only be awarded upon a clear showing the plaintiff is entitled to such relief.'" *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 1:11-CV-99-JGM, 2011 WL 2811317, at *2 (D. Vt. July 18, 2011) (quoting from *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 376 (2008); *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (describing preliminary injunction as "extraordinary and drastic remedy")).

This extraordinary remedy is simply not warranted here.

"'In order to justify the award of a preliminary injunction, the moving party must first demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief.'" *Million Youth March, Inc. v. Safir*, 18 F. Supp. 2d 334, 338-39 (S.D.N.Y. 1998) (quoting from *Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996)). "Once the likelihood of irreparable harm has been demonstrated, a movant ordinarily is entitled to relief if it demonstrates 'either (1)

'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly' in the movant's favor.'" *Id*. at 339 (quoting from *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)). The movant must also establish that that "an injunction is in the public interest." *Entergy*, 2011 WL 2811317, at *2 (citing *Winter*, 129 S.Ct. at 374).

With regard to irreparable injury, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Brooklyn Inst. of Arts & Sciences v. City of New York*, 64 F. Supp. 2d 184, 197 (E.D.N.Y. 1999) (citing *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976) (plurality opinion); *Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir.1996), *cert. denied* 520 U.S. 1251, 117 S.Ct. 2408 (1997)). "Because of this, it is sometimes said that 'when an injunction is sought to protect First Amendment rights, likelihood of success on the merits and irreparable harm merge into a single threshold requirement.'" *Brooklyn Inst. of Arts & Sciences*, 64 F. Supp. at 197 (quoting from *801 Conklin St. Ltd. v. Town of Babylon*, 38 F.Supp.2d 228, 235 (E.D.N.Y.1999).

Here, as Plaintiffs allege that Mid Vermont's designation for purposes of the Town Tuition Program violates their First Amendment rights, the operative question concerns their likelihood of success on the merits.

"Where, however, a movant seeks to enjoin 'government action taken in the public interest pursuant to a statutory or regulatory scheme,' it may succeed only by demonstrating a likelihood of success on the merits in addition to irreparable harm." *Million Youth March,* 18 F. Supp. 2d at 339 (quoting from *Jolly*, 76 F.3d at 473). "Further, if 'the injunction sought will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits,' the showing of a likelihood of success must be 'clear'

3

or 'substantial.'" *Id.* (quoting from *Jolly*, 76 F.3d at 473). *See also Jolly*, 76 F.3d at 473 ("The moving party must make a 'clear' or 'substantial' showing of a likelihood of success where . . . the injunction sought will alter, rather than maintain, the status quo") (citation and quotation marks omitted).

Here, the School Defendants must comply with the designation chosen by the Agency. That designation is selected to ensure that students receive an effective and thorough education, comparable to that provided at Vermont's public schools. Thus, the designation is indisputably chosen in the public interest. Furthermore, if Mid Vermont did not already possess the designation status that it seeks—which it does—an order compelling the Agency to provide such status would provide Mid Vermont with substantially all the relief Plaintiffs seek. Thus, Plaintiffs must make a clear or substantial showing of a likelihood of success on the merits to be entitled to the extraordinary and drastic remedy they seek.

### A. Plaintiffs Cannot Demonstrate Irreparable Harm

Plaintiffs simply cannot demonstrate, as to the School Defendants, that they will suffer some irreparable harm, absent the granting of a preliminary injunction, which cannot be remedied by money damages. In this action, Plaintiffs exclusively seek money damages against the School Defendants, in the form of tuition payments that Plaintiffs misleadingly allege they did not receive. However, to demonstrate irreparable harm, a plaintiff must show "there is a continuing harm which cannot be adequately redressed by final relief on the merits" and for which "money damages cannot provide adequate compensation." *N.Y. Pathological & Xray Labs, Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975). It must be a harm that "cannot be remedied if the court waits until the end of the trial." *Faiveley Transport v. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). The relief Plaintiffs here seek from the School Defendants—tuition payments—cannot support a

showing of irreparable harm. Money damages can provide adequate, and, indeed, full, compensation, and Plaintiffs' "harm" will be remedied if the Court waits until the end of the trial. Accordingly, Plaintiffs' request for a preliminary injunction as to the School Defendants must be denied. *See Reuters Ltd. v. United Press Int'l. Inc.*, 903 F.2d 904, 907 (2d Cir.1990) (recognizing that "irreparable harm is the single most important prerequisite for the issuance of a preliminary, injunction").

    **B. Plaintiffs Cannot Establish a Clear or Substantial Likelihood of Success on the Merits for any of the Claims against the School Defendants**

For the same reasons detailed in the School Defendants' request for dismissal, Plaintiffs cannot establish a clear and substantial likelihood of success on the merits for any of the claims against the School Defendants. The Supreme Court held that every civil action alleging a constitutional violation pursuant to [42 U.S.C.] § 1983, which provides that "[e]very person who ... subjects, or causes to be subjected, any ... person ... to the deprivation of rights ... secured by the Constitution ... shall be liable to the party injured," 42 U.S.C. § 1983 (emphasis added), requires a causal connection between the actions of the municipality itself and the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Indeed, "[d]emonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue."); W. Page Keeton et al., Prosser and Keeton on Torts § 41, at 263 (5th ed.1984) ( "An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some

5

reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered.").

Here, Plaintiffs cannot establish a clear or substantial likelihood of success on the merits for any of the claims against the School Defendants, because Plaintiffs cannot establish that the School Defendants caused any of the alleged constitutional violations. As detailed in the School Defendant's request for dismissal, the School Defendants did not cause any of the harm allegedly suffered by Plaintiffs. The School Defendants must abide by the designation chosen by the Agency. The School Defendants so abided when they *twice* sent tuition checks to Mid Vermont. They will continue to abide by the mandatory designation guidance, which, again, Plaintiffs themselves cast doubt upon. *See* Motion to Dismiss, Exs. A & B. That designation, over which the School Defendants exert no control nor influence, is the sole cause of Plaintiff's alleged—though nonexistent—harm. Absent a showing of causation, Plaintiffs' claims against the School Defendants will fail.

For all the reasons stated in the School Defendants' motion to dismiss, Plaintiffs' lack standing, their claims are moot, and they have failed to identify any School Defendant policies causing the alleged harm. Accordingly, the Court must deny the motion for preliminary injunction.

### C. Both the Balancing of Equities and Public Interest Favor Denial of the Injunction

The third and fourth preliminary injunction factors—the balance of harms and the public interest—"merge when the Government is the opposing party[.]" *Nken v. Holder*, 556 U.S. 418, 435 (2009). On the one hand, School Defendants, and the Agency, have a strong public interest in ensuring that Vermont students receive an effective and thorough education, comparable to that they would receive at a public high school, at the designated Approved Independent Schools. *See N.J. v. New York*, 872 F. Supp. 2d 204, 214 (E.D.N.Y. 2011) (stating that "the Court is unwilling

to gamble with a child's education"). On the other hand, Plaintiffs' stated interest, of not being forced to sign an anti-discrimination pledge, which they allege is at odds with their religious convictions, is slight.

Given the competing public interests behind the polices here and the relatively limited impact on Plaintiffs' alleged First Amendment activities, the Court should deny the motion.

## II.     Conclusion

For the foregoing reasons, the School Defendants respectfully request that the Court deny Plaintiffs' motion for a preliminary injunction.

DATED in Burlington, Vermont this 31st day of January, 2024.

CHRISTINE BOURNE, HARTLAND SCHOOL BOARD, RANDALL GAWEL, and WAITS RIVER VALLEY SCHOOL BOARD

By:   */s/ Pietro J. Lynn*
Pietro J. Lynn, Esq.
Sean M. Toohey, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Attorney for Defendants*
76 St. Paul Street, Suite 400
Burlington, VT 05401
802-860-1500
plynn@lynnlawvt.com
stoohey@lynnlawvt.com