UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN, individually; T.S. and K.S., by and through their parents and natural guardians, Nathaniel and Dawna Slarve; NATHANIEL SLARVE, individually; and DAWNA SLARVE, individually;<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>HEATHER BOUCHEY, in her official capacity as Interim Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of The Vermont Principals' Association;<br>　　　　Defendants. | Civil No. 2:23-cv-00652 |

## DEFENDANTS SAMUELSON AND BOUCHEY'S MOTION TO DISMISS

Defendants Jennifer Deck Samuelson, in her official capacity as the Chair of the State Board of Education (the "Board" or the "SBE"), and Heather Bouchey, in her official capacity as Interim Secretary of the Agency of Education (the "Agency" or "AOE") (collectively "the State") hereby move to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Defendants submit the incorporated memorandum of law, with attached exhibits, in support of their motion.[1]

## MEMORANDUM OF LAW

Plaintiffs cannot establish that this Court has subject matter jurisdiction to adjudicate the claims asserted in their complaint for two reasons. First, Plaintiffs have not demonstrated they have been injured and have Article III standing. Plaintiffs repeatedly allege that the State has injured them because it has denied Mid Vermont Christian School (MVCS) approved independent status. But this allegation is demonstrably false. Second, Plaintiffs' claims, which are brought against state employees in their official capacity, are barred by sovereign immunity, and because Plaintiffs have not alleged an ongoing violation of federal law, they cannot invoke the doctrine of *Ex parte Young* to save their claims from this bar.

## STATEMENT OF FACTS

A. The Plaintiffs

MVCS is a private religious school located in Quechee, Vermont. Compl. ¶ 29. MVCS holds religious beliefs, including beliefs regarding marriage, sexuality and gender that are "the foundation for everything it does." *Id.* ¶¶ 34, 45.

Plaintiffs A.G. and M.G. are students at MVCS who reside in Quechee, Vermont with their parents Chris and Bethany Goodwin. *Id.* ¶¶ 53-58. Quechee, which is within Hartford School District, maintains public schools for elementary and high school students. *See All Districts and SUs, July 1, 2020*, available online at

https://education.vermont.gov/sites/aoe/files/documents/edu-sus-districts-towns-operating-and-tuitioning-grades-7-1-20.pdf.

---

[1] Because this motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), the Court may examine documents submitted by the parties and is not limited to facts alleged in the Complaint. See discussion infra at 6-7.

Plaintiffs T.S. and K.S. are students at MVCS who reside in Hartland, Vermont with their parents Nathaniel and Dawna Slarve. *Id.* ¶¶ 66-72. Hartland has a public elementary school but does not maintain a public high school, *id.*, so "T.S. must attend high school out of the district." *Id.* ¶ 73.[2]

B. The Town Tuitioning and Dual Enrollment Programs

Under Vermont's Town Tuitioning Program, when a district does not operate public schools for its residents, the district "must pay for students residing in the district to attend independent schools or public schools in other districts." *Id.* ¶ 125. The Town Tuitioning Program is administered by school boards within districts. *Id.* ¶ 127. Approved independent schools, which are private schools that meet rules set by the Board, are eligible to receive tuition payments through the Town Tuitioning Program. *Id.* ¶ 134.

Vermont also operates a Dual Enrollment Program. This program "permits students in grades 11 or 12 to take up to two post-secondary courses while still in high school 'for which neither the student nor the student's parent or guardian shall be required to pay tuition.'" *Id.* ¶ 130 (quoting 16 V.S.A. § 944(b)(2)). Students attending approved independent schools at public expense are eligible to participate in the Dual Enrollment Program. *Id.* ¶ 133.

The approved independent school designation is conferred by the Board. *Id.* ¶ 136. The Board will designate a school as an approved independent school if the Board finds "that '[t]he school substantially complies with all statutory requirements for approved independent schools and the Board's rules for approved independent schools including nondiscrimination in admissions and operations.'" *Id.* ¶ 146 (citing 7-1 Vt. Code R. § 3:2226.6). This requires that a school seeking renewal of its approved independent school status to include in its application:

---

[2]T.S. is the only student specifically alleged to be eligible for town tuitioning payments.

> "'(1) A statement of nondiscrimination, posted on the school's website and included in the school's application materials, that is consistent with the Vermont Public Accommodations Act . . . and the Vermont Fair Employment Practices Act, Title 21 Vermont Statutes Annotated, Chapter 5, Subchapter 6'; and
>
> (2) An assurance, signed by the Head of School, that the school complies with the Vermont Public Accommodations Act in all aspects of the school's admissions and operations.'"

*Id.* ¶ 145 (citing Vt. Admin. Code 7-1-3:2226). Thus, "Mid Vermont Christian must affirmatively agree not to 'discriminate' on the basis of religion, sexual orientation, or gender identity as a condition of receiving tuition." *Id.* ¶ 150.

C. MVCS's Application for Renewal of its Approved Independent Status

MVCS's approved independent school status was last renewed on February 21, 2017. *See* Vt. State Bd. of Educ. (2017) Item C: Consent Agenda. *Minutes of Vermont State Board of Education Meeting February 21, 2017*, available online at https://education.vermont.gov/sites/aoe/files/documents/state-board-approved-minutes-022117.pdf. Therefore, in 2022, MVCS began the process to obtain renewal of its approved independent status, and on January 5, 2023, MVCS submitted the addendum, as required by the Board's rules. *Id.* ¶¶ 151-52. In doing so, MVCS added an asterisked statement that it was signing the form "with the understanding that it must be read consistent with existing law and the U.S. and Vermont Constitutions." *Id.* ¶ 152. It indicated that "as a religious organization, the school has a statutory and constitutional right to make decisions based on its religious beliefs," and that "[b]y signing this form, the Mid Vermont Christian School does not waive any such rights." *Id.*

On February 15, 2023, the Board decided "to postpone consideration of MVCS's re-approval until such a time as a completed application has been received to include a signed Addendum for Independent School Applications – the 'attestation clause' – without revision and

4

consistent with Rule 2226.6[.]" Vt. State Bd. of Educ. (2023) 'Item J: Independent School Renewal of General Education'. *Minutes of Vermont State Board of Education Meeting February 15, 2013*, available online at https://education.vermont.gov/sites/aoe/files/documents/edu-state-board-draft-minutes-02-15-23-revised2sss.pdf. In response, MVCS sent the Board a letter explaining "the inapplicability of the Vermont Public Accommodations Act," *id.* ¶ 154, and "[u]pon receipt of that letter, the State Board then informed Mid Vermont Christian that it was not going to take further action on its requested approval." *Id.* ¶ 155.

    D.  <u>MVCS's Current Status as an Approved Independent School and Tuitioning Payments</u>

The Board's rules indicate that if the Board does not rule on a pending application, a school remains an approved independent school. Vt. Admin. Code § 7-1-2:3333.6. Therefore, on July 1, 2023, the Agency published a list of all approved independent schools that identified MVCS as an approved independent school. *See* Vt. Agency of Educ.*, Directory of Vermont Approved & Recognized Independent Schools*, 10 (July 1, 2023) (available online at https://perma.cc/6SK6-EQ9U). *See also* Declarations of Jennifer Deck Samuelson and Heather Bouchey, submitted with the State's Opposition to Plaintiffs' Motion for a Preliminary Injunction, attached as Exhibits A and B.

The Slarves "sought to participate in the Town Tuitioning Program for the 2023-2024 school year and sent the necessary paperwork to" their district. Compl. ¶ 171. In September 2023, the Windsor Southeast Supervisory Union ("WSESU") "mailed a tuition payment for the 2023/2024 school year to Mid Vermont Christian School . . . for student T.S." Declaration of Christine Bourne, Superintendent of the Windsor Southeast Supervisory Union, at ¶ 3, attached as Exhibit C. However, after MVCS "sent an e-mail to WSESU indicating that Mid Vermont is not an Approved Independent School" *id.* ¶ 4, "WSESU requested return of the check, pending

guidance from the State." *Id.* ¶ 5. After the State confirmed that MVCS is an approved independent school, "WSESU sent back the tuition check to Mid Vermont for student T.S.'s 2023/2024 attendance." *Id.* ¶ 6-7.

Similarly, in September 2023, the Orange East Supervisory Union ("OESU") sent tuition payments to MVCS on behalf of two students. Declaration of Randall Gawel, at ¶ 3, attached as Exhibit D. However, after MVCS reached out to OESU and advised that it was not an approved independent school, *id.* ¶ 4, OESU requested the return of the tuition payments it had made to MVCS. *Id.* ¶ 5, Then, after clarification from the State regarding MVCS's status as an approved independent school, OESU returned the tuition check to MVCS for those children's attendance at MVCS for the 2023-24 school year. *Id.* ¶ 7.

## LEGAL ARGUMENT

A court may properly dismiss a case for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), when a "court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Once jurisdiction is challenged, the burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction, and the party must show jurisdiction by a preponderance of the evidence. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

"[W]here jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists." *Morrell v. WW Int'l, Inc.,* No. 20-CV-9912, 2021 WL 3185608, at *2 (S.D.N.Y. July 27, 2021) (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) and *Kamen v. Am. Tel & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *see also Augienello v. F.D.I.C.*, 310 F. Supp.2d 582, 588 (S.D.N.Y. 2004) (court may "resolve disputed jurisdictional

factual issues by reference to evidence outside the pleadings"). Indeed, "courts 'must' consult factual submissions 'if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction.'" *Health Now New York, Inc. v. New York*, 739 F. Supp. 2d 286 (W.D.N.Y. 2010) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001)).

Plaintiffs cannot demonstrate that the Court has subject matter jurisdiction. To establish jurisdiction, Plaintiffs must show an injury sufficient to confer Article III standing, which it simply cannot do. Plaintiffs claim they are injured because MVCS is not an approved independent school, but MVCS is now, and has at all times relevant to this case been, an approved independent school whose students are eligible to participate in the Town Tuitioning and the Dual Enrollment programs. In fact, supervisory unions made tuition payments to MVCS in September 2023, and requested the return of those payments only when told by MVCS—incorrectly—that MVCS is not an approved independent school. Plaintiffs have not sustained an injury because of any action taken by the State.

In any event, Plaintiffs' claims are barred by sovereign immunity. Claims against state employees in their official capacity are deemed to be claims against the State. As such, they are barred by sovereign immunity. Moreover, the Plaintiffs cannot rely on the doctrine of *Ex parte Young* to save their claims from the bar of sovereign immunity because Plaintiffs have not alleged an ongoing violation of federal law, the prerequisite for application of that doctrine. Nor have they named individuals in their official capacity that have a duty and willingness to take some imminent enforcement action against the Plaintiffs, which also precludes application of *Ex parte Young*.

## I. Plaintiffs Have Not Demonstrated an Injury that Confers Subject Matter Jurisdiction.

"Article III [of the Constitution] confines the federal judicial power to the resolution of 'Cases' and 'Controversies'." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Consequently, a plaintiff "must have a personal stake in the case—in other words, standing." *Id.* (quotation omitted). To establish standing, a plaintiff must show that his injury "is concrete, particularized, and actual or imminent." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (21992). Thus, under Article III, "federal courts do not adjudicate hypothetical or abstract disputes." *Id.* at 423. And they "do not issue advisory opinions." *Id.* at 424. In this way, "federal courts exercise their proper function in a limited and separated government." (quotation omitted). *Id.* at 423.

Plaintiffs claim they are injured because they cannot participate in the Town Tuitioning Program. Plaintiffs allege the Board's "inaction resulted in a denial of Mid Vermont Christian as an approved independent school capable of participating in the State's Town Tuitioning Program, Dual Enrollment Program, or any public benefit associated with that distinction." Compl. ¶ 156. According to Plaintiffs, this denial of approved independent status has caused them "financial harm." *Id.* ¶ 262. They also allege the State caused them "competitive and reputational harm by conveying to prospective and current students that they cannot receive tuition payments." *Id.* ¶ 263. They claim the State has penalized them "by preventing them from participation in the Town Tuitioning Program . . . because they exercised their constitutional rights." *Id.* at 264. And they claim they had to choose whether "to adhere to their religious beliefs and be excluded from the Town Tuitioning Program" or "abandon their religious beliefs and be eligible to receive Town Tuitioning Program funding." *Id.* ¶ 265.

But all of these alleged harms are predicated on a false assumption—that MVCS is not an approved independent school. As Plaintiffs concede, the Board did not rule on their application for renewal. *Id.* ¶ 155. While they allege this "inaction resulted in a denial of Mid Vermont Christian as an approved independent school capable of participating in the State's Town Tuitioning," *id.* ¶ 156, the Board's rules clearly contradict this assertion. *See* Vt. Admin. Code 7-1-2:3333.6. It was for that reason that the State identified MVCS as an approved independent school in July 2023 when it published a listing of approved independent schools. And it is because MVCS was designated as an approved independent school that supervisory unions made tuition payments to MVCS and asked for the return of those payments only when MVCS self-identified that they were not an approved independent school.

There is simply no injury—financial, reputational or constitutional.[3] Absent an injury, the Plaintiffs have no standing, and the Court does not have jurisdiction to adjudicate Plaintiffs' complaint. The motion to dismiss for lack of subject matter jurisdiction should be granted.

II.     **Plaintiffs' Claims are Barred by Sovereign Immunity.**

Plaintiffs' claims should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the claims against Secretary Bouchey and Chair Samuelson, which are brought against them in their official capacity, are barred by sovereign immunity. "[T]he State's immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before

---

[3] In fact, the Goodwins and K.S., and the Slarves on behalf of K.S., would not have standing even if the State had denied MVCS approved independent status because they are not eligible to participate in the Town Tuitioning Program. The Goodwin's children reside in Quechee, which maintains public schools and does not tuition its students. K.S., who is an eighth grader, is not entitled to town tuition payments because Hartford, where she resides, has a public elementary school for K-8 schoolchildren. Moreover, K.S. is not eligible to take college courses, and no allegations suggest that the Goodwins' children are eligible for or sought to participate in that program.

9

the ratification of the Constitution and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). This immunity arises from the structure of the Constitution itself and is not premised on or limited by the language of the Eleventh Amendment. *Id.* at 728 (citing *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997)). Consequently, states retain constitutional immunity from suits "whether in state or federal court." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). And sovereign immunity extends to suits against state officials in their official capacity because "[a]n action against a state official in his official capacity is deemed an action against the state itself." *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020) (citations omitted)*, abrogated on other grounds by N.Y. State Rifle and Pistol Assoc. v. Bruen*, 597 U.S. 11 (2022).

Of course, sovereign immunity is not absolute.  *Alden*; 527 U.S. at 755-56; *Beaulieu*, 807 F.3d at 483. Sovereign immunity does not bar a suit if the state has consented to be sued. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Jacobs v. State Teachers' Ret. Sys. of Vt.*, 174 Vt. 404, 408, 816 A.2d 517, 521 (2002) (mem.). And because the states surrendered a portion of their sovereignty when adopting the Fourteenth Amendment, Congress may authorize private suits against nonconsenting states pursuant to its § 5 enforcement power. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

But Vermont's sovereign immunity has not been waived or abrogated here. Sovereign immunity can only be waived "expressly by statute," *Jacobs*, 174 Vt. at 408, and Vermont has not waived its immunity to claims brought in federal court. *See* 12 V.S.A. § 5601 (waiving immunity for certain types of claims to be asserted in state proceeding while maintaining Vermont's Eleventh Amendment immunity). "Indeed, in the language of the Vermont Tort Claims Act, Vermont has expressly retained its right to assert immunity under the Eleventh

10

Amendment." *Richards v. State's Att'ys Off.*, 40 F. Supp. 2d 534, 538 (D. Vt. 1999) (footnote omitted) (citing 12 V.S.A. § 5601(g)). Nor did Congress abrogate Vermont's immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991).

The doctrine of *Ex parte Young* does provide a limited exception to the general rule that claims against the State are barred by sovereign immunity; it permits suits for prospective injunctive relief against state officials engaged in ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). But to qualify for this exception, a plaintiff must allege facts showing that a "state official is violating or planning to violate federal law." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015); *Safe Haven Home Care, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 22-cv-2267, 2023 WL 4422790, at *6 (S.D.N.Y. July 10, 2023).

Consequently, an *Ex parte Young* claim may only be brought against a state official who has both "a particular duty to enforce the statute in question" and "a demonstrated willingness to exercise that duty." *Health Care Now, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (S.D.N.Y. 2010). *Ex parte Young* applies only if a state official is "threatening acts that plaintiff challenges as unconstitutional." *Goodspeed Airport, LLC. v. Haddam Inland Wetlands & Watercourses Comm'n*, 632 F. Supp. 2d 185, 188 (D. Conn. 2009). It does not apply "when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996).[4]

---

[4] A plaintiff may only seek prospective relief under *Ex parte Young*. Therefore, to the extent the Plaintiffs seek damages, including nominal damages, those claims must be dismissed even if the doctrine could save the Plaintiffs' claims. *See Horelick v. Lamont*, No. 3:21-cv-1431, 2023 WL 5802727, at *10 (D. Conn. Sept. 7, 2023).

11

Plaintiffs have not alleged sufficient facts to state a claim against Chair Samuelson or Secretary Bouchey. Plaintiffs allege they are experiencing "ongoing harm" because the Agency and the Board have not designated Mid Vermont Christian an approved independent school. Compl. at 30; ¶ 179. They cite to the "daily deprivation of their constitutional rights," but predicate this alleged deprivation on their inaccurate assertion that they must choose between violating their religious beliefs or being approved as an independent school eligible to receive public tuition funds. MVCS is an approved independent school, and Plaintiffs have not had to engage in any conduct or make any statement that violates their beliefs to retain the school's approved status.

Even if they could show an ongoing violation, Plaintiffs have not and cannot allege that Chair Samuelson or Secretary Bouchey have both a duty and willingness to strip MVCS of its approved status such that they are proper defendants under the *Ex parte Young* doctrine. First, as Plaintiffs acknowledge, only the Board may designate a school as an approved independent school. Compl. ¶ 136. Secretary Bouchey does not make this determination; she has no duty or right to deny MVCS's application for renewal. Nor does Chair Samuelson have such authority on her own. But assuming Chair Samuelson was potentially a proper party as Chair of the Board, nothing is alleged in the Complaint indicating that she or anyone else on the Board has threatened to take away MVCS's status as an approved independent school. Rather, Plaintiffs allege that this status has already been taken from them, so *ex parte Young* does not apply.

## CONCLUSION

For the foregoing reasons, Chair Samuelson and Secretary Bouchey respectfully request that the Court grant the State's motion to dismiss the complaint for lack of subject matter jurisdiction.

DATED at Waterbury, Vermont this 15th day of February 2024.

        STATE OF VERMONT

        CHARITY R. CLARK
        ATTORNEY GENERAL

By:    */s/ Kate T. Gallagher*
        Kate T. Gallagher
        Assistant Attorney General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        (802) 828-1101
        kate.gallagher@vermont.gov

        Counsel for Defendants
        Heather Bouchey and
        Jennifer Deck Samuelson