UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN, individually; T.S. and K.S., by and through their parents and natural guardians, Nathaniel and Dawna Slarve; NATHANIEL SLARVE, individually; and DAWNA SLARVE, individually, <br><br>    *Plaintiffs,* <br><br>v. <br><br>HEATHER BOUCHEY, in her official capacity as Interim Secretary of the Vermont Agency of Education, <br><br>JENNIFER DESK SAMUELSON, in her official capacity as Windsor Southeast Supervisory Union Superintendent; <br><br>HARTLAND SCHOOL BOARD; <br><br>RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; <br><br>WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and <br><br>JAY NICHOLS, in his official capacity as the Executive Director of the Vermont Principals' Association, <br><br>    *Defendants.* | Civil Action No.: 2:23-cv-00652-kjd |

**DEFENDANT JAY NICHOLS' OBJECTION TO PLAINTIFFS' LETTER REQUEST FOR PRELIMINARY INJUNCTION**

**GORDON REES SCULLY MANSUKHANI, LLP**
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
By: Steven J. Zakrzewski
Telephone: (212) 269-5500
szakrzewski@grsm.com
*Attorneys for Defendant Jay Nichols*

## **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. PLAINTIFFS' REQUEST IS IMPROPER LITIGATION BY LETTER .............. 2

    B. PLAINTIFFS CANNOT MEET THEIR BURDEN TO SHOW THAT INJUNCTIVE RELIEF AGAINST NICHOLS IS MERITED ............................. 2

    C. PLAINTIFFS' REQUEST FOR RELIEF IS IMPROPER AS THE ISSUE OF WHETHER PLAINTIFFS ARE ENTITLED TO AN EXEMPTION FROM VPA POLICIES HAS YET TO BE DECIDED BY THIS COURT ............................... 3

III. CONCLUSION........................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Drexel Burnham Lambert Group, Inc.*
   138 B.R. 687 (Bankr.S.D.N.Y. 1992) ...................................................................................... 2

*Peart v. City of New York*,
   992 F.2d 458 (2d Cir. 1993) .................................................................................................... 2

Defendant Jay Nichols ("Nichols") respectfully submits this objection to Plaintiffs' "request" for injunctive relief, filed in the form of "Notice of Response" referencing a response letter dated May 6, 2024 ("Plaintiffs' Letter Request"). [1]

Plaintiffs' Letter Request should be disregarded but, if the Court chooses to address it, the relief requested should be denied.  The request itself is improper "litigation by letter" and is an insufficient means of seeking relief from this Court.  Nonetheless, the Letter Request fails in every respect to satisfy Plaintiffs' burden of establishing entitlement to injunctive relief, even if taken together with Plaintiffs' previous motion for injunction, which has been fully briefed and argued and is pending decision with this Court.[2]  The Letter Request adds nothing to the existing record already pending before the Court.  Finally, the issue of whether Plaintiffs should be exempt from VPA policies providing equal rights to transgender children based upon Plaintiffs' religious beliefs is the very issue on which this Court has yet to rule.  Plaintiffs cannot now, post-argument, attempt to isolate co-educational activities from athletic activities as both types of activities involve the same policy that Plaintiffs seek to avoid.

## I.   PRELIMINARY STATEMENT

It is well established in the Second Circuit that the practice of "litigation by letter" is an insufficient means of seeking relief from a court.  Plaintiffs have already requested an injunction authorizing them to boycott games based upon the gender identification of the opposing team(s)' players.  The humiliation and resulting harm this causes other students—who (along with their teammates) will lose the ability to play games and be marked with the associated stigma—has not been acknowledged by the Plaintiffs.  Moreover, and importantly, Plaintiffs' Letter Request does

---

[1] Unless otherwise stated herein, any use of proper terms shall have the definition attributed to that term in Plaintiffs' Motion for Preliminary Injunction and/or Memorandum of Law in support thereof.

[2] Defendant Nichols incorporates all of Defendant's arguments submitted in opposition to Plaintiffs' First Request.

1

not even state whether the School would agree to participate in co-educational activities with transgender students. If Plaintiffs' request for relief were granted, it would risk Plaintiffs taking the same action they did in response to a scheduled athletic competition and place the parties in the exact same position. Plaintiffs did not distinguish between athletic games and co-educational activities when the School took the action which is the subject of this lawsuit, in which it has espoused the position that even participating in an activity with a transgender student perpetuates a falsehood under God. The Letter Request for injunction against Jay Nichols therefore adds nothing to the existing record pending before the Court, and should be denied in its entirety.

## II.  ARGUMENT

### A.  PLAINTIFFS' REQUEST IS IMPROPER LITIGATION BY LETTER

Plaintiffs' Letter Request is per se litigation by letter, and it is well established in the Second Circuit that the "practice of 'litigation by letter', although common, is an insufficient means of seeking relief from a court." *Peart v. City of New York*, 992 F.2d 458, 463 (2d Cir. 1993), citing *In re Drexel Burnham Lambert Group, Inc.* 138 B.R. 687, 692 n. 6 (Bankr.S.D.N.Y. 1992) ("'Litigation by Letter', although a pervasive practice in the Southern District, has been repeatedly criticized and condemned by the judges in this district because it contributes to the confusion and overload of an already burdened system") (internal quotation marks omitted).

Regardless of the merits of Plaintiffs' request, it fails on its face as a sufficient means of requesting relief and should be denied for this reason alone.

### B.  PLAINTIFFS CANNOT MEET THEIR BURDEN TO SHOW THAT INJUNCTIVE RELIEF AGAINST NICHOLS IS MERITED

Plaintiffs' first request for injunctive relief—in the form of a motion for preliminary injunction—was opposed, briefed and argued before this Court on April 19, 2024 (the "First Request"). In opposing Plaintiffs' First Request, defendant Nichols argued that Plaintiffs' request

2

for injunctive relief invalidating the VPA's gender identification policy fails in that Plaintiffs cannot show (1) likelihood of success on the merits of their claims against Jay Nichols and/or the VPA; (2) irreparable harm in the absence of the requested relief; (3) that the equities tip in their favor; or (4) that the requested injunction—effectively invalidating a policy supporting gender identity acceptance in both the educational and athletics context—would serve the public interest.

In the First Request, Plaintiffs sought an injunction authorizing them to refuse to participate in activities based upon the gender identification of the other schools' players. In Plaintiffs' Letter Request, Plaintiffs seek immediate access to all co-educational activities as this action progresses.  Plaintiffs' participation in all VPA activities—athletic and educational—is pending before this Court.  Plaintiffs present no new facts or evidence, and do not address whether they would participate in co-educational activities with trans students.  This request does nothing to satisfy Plaintiffs' burden to obtain an injunction and thus adds nothing to the record.

C. **PLAINTIFFS' REQUEST FOR RELIEF IS IMPROPER AS THE ISSUE OF WHETHER PLAINTIFFS ARE ENTITLED TO AN EXEMPTION FROM VPA POLICIES HAS YET TO BE DECIDED BY THIS COURT**

The issue insofar as Defendant Nichols is concerned, as Plaintiffs have framed it, is whether Plaintiffs should be entirely exempt from VPA policies providing equal rights to transgender children.  To use Plaintiffs' own words, "because the School teaches, models and professes biblical truths about sex and gender not only in the classroom but also on the court, the School believes that treating biological males as girls during athletic competitions would affirm that biological males can actually be girls.  The School believes this would make it complicit in furthering the falsity that sex is immutable and biological differences do not matter." *See* Pls. Mem. of Law in Supp. of Mot. for Prelim. Injunction, p. 7 (Doc. No. 14-1).

This same logic applies equally to Plaintiffs' prospective participation in co-educational activities with transgender students.  If Plaintiffs believe the two types of activities are

distinguishable, then Plaintiffs are making a physical fairness argument—which was their first stated basis for their decision to forfeit the basketball game—and not a religious argument. Plaintiffs argued to this Court on April 19, 2024 that they are not relying on the physical fairness argument about gender equality but rather freedom of speech and free religious exercise. However, not only does the Letter Request fail to state whether Plaintiffs would even agree to participate in co-educational activities with transgender students, Plaintiffs' Letter Request is no different than their initial request to pick-and-choose which schools they can play against based upon the biological anatomy of the schools' team members

The Letter Request for immediate injunction should be denied, and all parties should await this Court's decision on the First Request for injunction that was already briefed and argued and which presents the exact same issues as the Letter Request.

### III.    CONCLUSION

Based upon the foregoing analysis, Nichols respectfully requests that this Honorable Court deny Plaintiffs' requested relief in its entirety.

THE DEFENDANT,
**Jay Nichols, in his official capacity as Executive Director of the Vermont Principals' Association,**
By its Attorneys,

Dated: May 16, 2024

*/s/ Steven J. Zakrzewski*
Steven J. Zakrzewski, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
T: (860) 494-7511
szakrzewski@grsm.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2024 I electronically filed this document with the Clerk of Court using the CM/ECF system, which will provide electronic notification of such filing to Counsel of Record for the Plaintiff, and to all other registered users.

*/s/Steven J. Zakrzewski*
Steven J. Zakrzewski

5