UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN, individually; T.S. and K.S., by and through their parents and natural guardians, Nathaniel and Dawna Slarve; NATHANIEL SLARVE, individually; and DAWNA SLARVE, individually;<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>HEATHER BOUCHEY, in her official capacity as Interim Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of The Vermont Principals' Association,<br><br>　　　　　　　　Defendants. | Civil Case No.: 2:23-cv-00652 |

## SCHOOL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

NOW COME Defendants, Christine Bourne, in her official capacity as Windsor Southeast Supervisory Union Superintendent; Hartland School Board; Randall Gawel in his official capacity as Orange East Supervisory Union Superintendent and Waits River Valley (Unified #36

Elementary) School Board ("School Defendants"), by and through their attorneys, Lynn, Lynn, Blackman & Toohey, P.C., and hereby oppose Plaintiffs' Motion for Injunction Pending Appeal ("Motion"). In support thereof, the School Defendants respectfully submit the following Memorandum of Law.

## MEMORANDUM OF LAW

The School Defendants note that Plaintiffs' requested relief involves only Defendant Jay Nichols, in his official capacity as the Executive Director of the Vermont Principals' Association ("VPA"). *See generally* Mot. Nonetheless, the School Defendants submit to the Court this brief opposition to the Motion.

Plaintiffs' Motion is essentially a motion for reconsideration in that, as Plaintiffs acknowledge, "[t]he test to obtain an injunction pending appeal is the same as for a preliminary injunction." Mot. at 3. "Preliminary injunctive relief is 'an extraordinary remedy that may only be awarded upon a clear showing the plaintiff is entitled to such relief.'" *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 1:11-CV-99-JGM, 2011 WL 2811317, at *2 (D. Vt. July 18, 2011) (quoting from *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 376 (2008); *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (describing preliminary injunction as "extraordinary and drastic remedy")).

"'In order to justify the award of a preliminary injunction, the moving party must first demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief.'" *Million Youth March, Inc. v. Safir*, 18 F. Supp. 2d 334, 338-39 (S.D.N.Y. 1998) (quoting from *Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996)). "Once the likelihood of irreparable harm has been demonstrated, a movant ordinarily is entitled to relief if it demonstrates 'either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly' in the movant's favor.'" *Id*. at 339 (quoting from *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)).  The movant must also establish that that "an injunction is in the public interest." *Entergy*, 2011 WL 2811317, at *2 (citing *Winter*, 129 S.Ct. at 374).

The Court has already squarely ruled on this issue in its June 11, 2024 Order denying Plaintiffs' Motion for a Preliminary Injunction ("Order").  The Court's thorough reasoning in that Order should control its disposition of the instant Motion.  Plaintiffs have not offered any new factual or legal support for their request.

In brief, as to Plaintiffs' likelihood of success on the merits, the Court found, first, that it must apply a rational basis test and not strict scrutiny related to Mid Vermont's expulsion from the VPA because "this case is one of neutral application of educational policies that apply to all Vermont schools." Order at 25.  Applying the rational basis test, the Court concluded that: "Since the state applies its athletic policy uniformly and does not single out religious organizations for enforcement or discrimination, it is unlikely to be found to have violated Mid Vermont's First Amendment rights, including its right of free exercise of religion." *Id.* at 26.  Because the Court found that Plaintiffs were unlikely to succeed on the merits, it denied their request for a preliminary injunction.

Plaintiffs have not presented any new evidence such that the Court should change its findings that the VPA policy is neutrally applied, that it should therefore analyze the policy using a rational basis test, and that Mid Vermont Christian School is unlikely to succeed in proving that the policy lacks a rational basis.  Given the foregoing, Plaintiffs have not met their burden of demonstrating that they are entitled to the extraordinary remedy sought.

**<u>Conclusion</u>**

For the foregoing reasons, the School Defendants respectfully request that the Court deny Plaintiffs' Motion for Injunction Pending Appeal.

DATED in Burlington, Vermont this 2nd day of July, 2024.

                              CHRISTINE BOURNE, HARTLAND SCHOOL BOARD, RANDALL GAWEL, and WAITS RIVER VALLEY SCHOOL BOARD

By:    */s/ Pietro J. Lynn*
       Pietro J. Lynn, Esq.
       Sean M. Toohey, Esq.
       Lynn, Lynn, Blackman & Toohey, P.C.
       *Attorney for Defendants*
       76 St. Paul Street, Suite 400
       Burlington, VT 05401
       802-860-1500
       plynn@lynnlawvt.com
       stoohey@lynnlawvt.com