U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 15 PM 3:07

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZOIE SAUNDERS,[1] in her official capacity as Interim Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HEARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of The Vermont Principals' Association,<br><br>    Defendants. | Case No. 2:23-cv-652 |

---

[1] Zoie Saunders succeeded Heather Bouchey as Interim Secretary of the Vermont Agency of Education in April 2024. Interim Secretary Saunders is automatically substituted as a party under Fed. R. Civ. P. 25(d).

## ORDER ON MOTION FOR INJUNCTION PENDING APPEAL
### (Doc. 60)

By order dated June 11, 2024, the court denied Plaintiffs' motion for a preliminary injunction. (Doc. 57.) Plaintiffs have filed a notice of appeal. (Doc. 59.) They have also filed a motion for an injunction pending appeal with a view towards renewing the motion before the Second Circuit if it is not granted by this court. (Doc. 60.)

The court will not repeat the discussion leading to its conclusion that Plaintiffs are unlikely to prevail on the merits of their request for injunctive relief. The issues raised in the pending motion are the same as before. These include claims that the Vermont Principals' Association ("VPA") improperly excluded the Mid Vermont Christian School from membership because of its religious beliefs; that the discretionary decision-making of the VPA requires strict scrutiny of its practices; and that the VPA was motivated by hostility towards Plaintiffs' religious beliefs.

Plaintiffs raised these issues in their first motion for a preliminary injunction. (*See* Doc. 14.) The court sought to address these issues as completely as possible. The court focused on the policy decision made by the state defendants to permit transgender students to play on the team with which they identify. (*See* Doc. 57.) As Defendants see it, Vermont law requires the inclusion of transgender students on sports teams. Plaintiffs are candid in stating that they cannot accept such a decision for reasons of religious conviction and will refuse to play against an athletic team which they believe includes a transgender student.

The court has not held a trial in the case. But the evidence has been foreshadowed by the parties' submissions. It appears unlikely that Plaintiffs will demonstrate that they are the victims of prejudice against their religious beliefs. Rather, it is likely that following a trial, the court will find that the state's educational policy of including of transgender students on the team of their

2

choice is neutral as to religion and applies to all schools seeking to participate in the VPA. Similarly, it is likely that the evidence will demonstrate that the expulsion of Mid Vermont from the VPA was not motivated by animus against their religious beliefs. Instead, the information available to the court indicates that Mid Vermont's refusal to compete in the future against schools whose teams include transgender students resulted in its expulsion.

The court recognizes one new issue, which is the ban on participation in state-wide activities such as spelling bees and science fairs also sanctioned by the VPA. These events have long been open to students of any gender, who compete on the same teams, often in tournaments open to many schools. Plaintiffs state that they are willing to participate in these co-ed activities with other schools even if a transgender student takes part.

The court raised this issue at the oral argument:

Court: ...I understand in the context of girls' basketball we have a live dispute. I just don't understand why we have a dispute about Scholars' Bowl. And [the state defendants] say it's because you haven't asked to participate, and you say that you only want to participate in all or nothing? I'm not quite sure what you say about the extracurriculars that aren't athletics.

Mr. Reed [Plaintiffs' counsel]: Yeah, your Honor. The reason we have a dispute is because the VPA kicked the school entirely out of everything, so that's why it's at issue here. It's not because we didn't seek to reapply to only participate in quiz bowl or the spelling bee. ...

Court: Do you want to do that, or no?

Mr. Reed: Pardon, your Honor.

The Court: Do you wish to do that?

Mr. Reed: Of course, yes.

The Court: Why not do it yesterday?

Mr. Reed: Well, your Honor, I think what is at issue here is not just a quiz bowl. I mean, sure, that's part of it. What the VPA did, though, is expel us entirely.

3

The Court: Got it. But –

Mr. Reed: But what is at issue here is that the school also would like to participate in athletics subject to the accommodation we discussed.

The Court: Right.

Mr. Reed: And that's why we haven't reapplied, because it's futile to do so. That's why we're in this court, your Honor. We're asking you to enjoin the VPA from punishing the school for forfeiting such games.

The Court: Yes. I have my head around the basketball controversy, but it seems to me you're kind of making a—what's the right word?—a [make-weight] issue or a false issue about the other extracurriculars because you haven't asked to come in and do those, and you must have students who are smart and eager and want to do it and they're sitting on the sidelines while we all argue about basketball when they could have done debate club all spring. It seems irresponsible.

Mr. Reed: Well, it's not really up to us, your Honor. Again, the VPA expelled the school, and so we have been kicked out. We have been excluded. So it's not the school's fault. It's the VPA's fault. And I understand your Honor's point: [w]ell, we could reapply to only participate in quiz bowl.

The Court: Sure.

Mr. Reed: But, again, that's kind of futile because we want the whole thing. We want to participate in athletics and academics.

(Transcript, Doc. 56 at 39–41.)

Ultimately, Plaintiffs' counsel stated that his clients would accept a partial order subject to their right to continue to seek full admission to the VPA. (*Id.* at 43.)

Counsel for the state defendants expressed openness to a partial resolution.

Mr. Zakrzewski: We haven't received that application or request for them.

The Court: Okay.

Mr. Zakrzewski: Nor an assurance that they could participate in those [academic] activities even with a trans child without, as they've termed it, propagating a lie that's contrary to their religious beliefs. So anything that's submitted we will review and act upon in due course. That's not a request that's been made either in this litigation or outside the litigation thus far.

The Court: Right.

4

> Mr. Zakrzewski: So we haven't had the opportunity. Of course, your Honor has noted, I don't have the authority to make that decision myself, but based on the way this hearing has progressed, you can be certain I would put a lot of pressure on my client to make a sound and not unduly delayed decision should such a request be received.

(*Id.* at 44.)

At the hearing, both sides appeared willing to allow Mid Vermont to participate in state-wide co-educational activities and competitions. After the hearing, counsel for Mid Vermont sent a letter requesting such an opportunity. The letter states that "the School's religious beliefs do not prevent it from participating in co-educational activities where both boys and girls participate." (Doc. 52-1 at 2.) The state defendants responded without directly addressing the issue of co-educational activities. (*See* Doc. 53-1 at 2.) Mid Vermont replied that "your response does not address the court's inquiry into allowing our client immediate access to all co-ed activities as the case progresses." (Doc. 54-1 at 2.) Mid Vermont requested that its second letter serve as a request for an immediate injunction. *Id.* The state defendants responded with a memorandum chiding Plaintiffs for engaging in the practice of "litigation by letter" and questioning whether Plaintiffs were sincere in their commitment to participate in co-educational activities with transgender students. (*See generally* Doc. 55.)

It seems likely to the court that the exclusion of Mid Vermont from activities such as debate tournaments and science fairs in which boys and girls compete on the same team is unnecessary and excessive. Since Mid Vermont has committed to attending these events even if a team member from another school is transgender, there is no reason to exclude the school. There also appears to be sound constitutional authority in favor of including Mid Vermont in state-sponsored activities in the line of cases starting with *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 499 (2017).

5

The court anticipated that the parties would stipulate to the partial relief outlined above. That has not happened. The court will not issue its final ruling on the pending motion for injunctive relief until this issue is resolved. The court will schedule a hearing at which counsel can explain their clients' positions concerning co-educational activities as well as whether an order granting partial relief is appropriate. Due to the difficulties of travel and summer schedules, the court is willing to conduct the hearing by video.

One final point concerns the pending motions to dismiss. (Docs. 28, 39, 40.) Since the issue of injunctive relief is going up on appeal, the court will defer any ruling on these motions until the appeal is resolved and the case is returned to this court.

## Conclusion

The court will schedule a video hearing concerning the limited issue of Plaintiffs' participation in co-educational activities.

Dated at Burlington, in the District of Vermont, this 15th day of July, 2024.

/s/ Geoffrey W. Crawford
Geoffrey W. Crawford, Chief Judge
United States District Court