# EXHIBIT 1

STEVEN J. ZAKRZEWSKI
SZAKRZEWSKI@GRSM.COM
DIRECT DIAL: (860) 494-7511



95 GLASTONBURY BLVD, SUITE 206
GLASTONBURY, CT 06033
WWW.GRSM.COM

July 26, 2024

<u>**VIA ELECTRONIC MAIL**</u>

Ryan J. Tucker, Esq.
Alliance Defending Freedom
15100 N. 90th Street
Scotsdale, AZ 85260

  Re: Civil Action No. 2:23-cv-00652-gwc; *Mid Vermont Christian School, et al v. Bouchey, et al*

Dear Mr. Tucker:

  Please allow this correspondence to serve as the Vermont Principals Association's response to the Court's July 15, 2024 Order (Doc. No. 68) for a video hearing concerning the limited issue of Plaintiffs' participation in the VPA's co-educational activities. As you are aware, Plaintiffs' (most recent) Motion for Injunction and Jay Nichols's opposition are pending before the Court in this matter. Plaintiffs' prior requests for injunctive relief were denied by the Court's June 11, 2024 Order (Doc. No. 57), from which Plaintiffs have appealed. That appeal is currently pending. Plaintiffs, by and through your office, have filed additional Motions for Injunction in both the District Court and the Appellate Court, seeking the same relief that they have sought throughout the case.

As the District Court held, and as the VPA has stated repeatedly, the VPA's policy regarding gender identity of students from member schools (which policy is rooted in and required by Vermont state law) prohibits the type of selective participation in which Mid Vermont Christian seeks to engage. For this reason, and the reasons discussed in all of the VPA's written opposition papers filed with the District Court, the VPA cannot extend membership privileges to Mid Vermont Christian unless Mid Vermont Christian participates fully and without discrimination in every activity they register for. An injunction, even pending appeal, is an extraordinary remedy granted only if there is a clear right to relief, and there is no basis for an injunction in this case.

However, the VPA is mindful of the Court's concerns. As such, the VPA would accept Mid Vermont Christian as a member for all activities, including athletics, provided that Mid Vermont Christian agrees in writing to participate in said activities without regard to the presence of

transgender students on opposing teams, and further agrees to take no action and make no statement that would stigmatize or discriminate against students on opposing teams, including by boycotting or forfeiting their games. The VPA is willing to enter into a binding agreement to this effect.

In the alternative, the VPA would accept Mid Vermont Christian as a limited member for specific co-educational activities, provided Mid Vermont Christian agrees in writing to participate in said activities without regard to the presence of transgender students on opposing teams, and further agrees to take no action and make no statement that would stigmatize or discriminate against students in said activities, including by boycotting or forfeiting any competitions or events. The VPA is willing to enter into an agreement to this effect.

By providing this offer, in no way does the VPA waive its position that full participation in <u>all</u> activities is required pursuant to the rules and policies that govern the VPA, including and especially its policy concerning "Enforcement of Rules by Schools," which states:

14.    ENFORCEMENT OF RULES BY SCHOOLS
- Schools are expected to comport with and enforce the eligibility standards set out in the VPA bylaws and policies.
- Violations of the eligibility standards by schools shall result in one or more of the following penalties: (1) A warning in writing to the principal; (2) Forfeiture of the game; (3) Prohibition from postseason competition or state-wide nonathletic activity; (4) Suspension or exclusion of institutional membership in the VPA.

The VPA acknowledges further the Court's July 23, 2024 Order (Doc. No. 70) requesting that prior to the hearing on Monday, July 29, 2024, the Plaintiff submit a list of the school competitions and activities sponsored by the VPA that it believes its students could join even if a transgender student from another school participates. We await that filing and will review and consider the activities listed in accordance with the proposals contained in this correspondence.

We request a response from Plaintiffs prior to or during the July 29, 2024 hearing on this issue.


Sincerely,

GORDON REES SCULLY MANSUKHANI LLP



Steven J. Zakrzewski