UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 30  AM 10: 04

CLERK

BY _____
        DEPUTY CLERK

| | |
|---|---|
| MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Chris and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; BETHANY GOODWIN, individually,<br><br>        Plaintiffs,<br><br>                v.<br><br>HEATHER BOUCHEY, in her official capacity as Interim Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of The Vermont Principals' Association,<br><br>        Defendants. | Case No. 2:23-cv-652 |

**ORDER ON MOTION FOR INJUNCTION PENDING APPEAL—SCHOOL
ACTIVITIES OTHER THAN ATHLETICS
(Doc. 60)**

The parties' primary dispute concerns the participation of transgender students in high school sports such as basketball in which boys and girls compete on separate teams. In the course of the briefing and hearing concerning entry of a preliminary injunction, a separate issue arose. This was the participation of Mid Vermont Christian School's students in co-educational

activities such as spelling and geography bees, drama festivals, and math, science, and debate competitions.

At the court's request, both parties provided their positions concerning Mid Vermont's participation in these events. Mid Vermont has submitted a filing stating that competing against teams that include transgender students would not violate its religious beliefs. (Doc. 74.) The Vermont Principals Association (VPA) has filed a letter stating that it would accept Mid Vermont as a limited member for specific co-educational activities. (Doc. 72.)

Both parties seek to place conditions on their agreement. Mid Vermont states that it "requires its students and staff to use pronouns based on sex." (Doc. 74 at 2.) Mid Vermont requests a statement from the VPA about whether it would "force Mid Vermont Christian to use preferred pronouns in co-educational competitions and activities." (*Id.*) For its part, the VPA seeks a statement that Mid Vermont "agrees to take no action and make no statement that would stigmatize or discriminate against students [participating in school activities.]" (Doc. 72-1 at 3.)

At the hearing on July 29, both sides showed signs of flexibility. Counsel for Mid Vermont agreed that the students would behave well in avoiding offense to other students. After consulting with the VPA, counsel for the Association indicated that the VPA did not intend to force Mid Vermont's students to use specific words. The VPA was very clear that it was not backing away from its general policy favoring the use of pronouns of choice. For purposes of participating in school activities, the VPA accepts Mid Vermont's representation that it has no intention of disparaging or stigmatizing students from other schools and that its students will exercise care in using language that expresses gender.

The court enters this order to memorialize the parties' agreement to admit Mid Vermont as a limited member of the VPA for purposes of participating in the school activities listed in

Doc. 74 as well as other co-educational activities sponsored by the VPA omitted from the list. If a problem arises, either side can return to court, but at this point it seems clear that the parties have reached an appropriate agreement on this limited issue. There is no need for an injunction because this aspect of the case is settled by agreement.

This order concludes the court's work on this matter pending resolution of the appeal of the denial of a preliminary injunction. Upon remand, the court will schedule a hearing concerning the pending motions to dismiss.

## Conclusion

The motion for injunction pending appeal (Doc. 60) is DENIED for the reasons stated in Doc. 68.

Dated at Burlington, in the District of Vermont, this 29 day of July, 2024.

Geoffrey W. Crawford, Judge
United States District Court