1                    UNITED STATES DISTRICT COURT
                               FOR THE
2                       DISTRICT OF VERMONT

3

4    Mid Vermont Christian School, et al )
                                         )
5                                        )
     v.                                  )   Case No. 2:23-cv-652
6                                        )
                                         )
7    Heather Bouchey, et al              )
                                         )
8    _____)

9

10   RE:   Hearing on Motion for Injunction
           Pending Appeal (Doc. 60)
11
     DATE:  July 29, 2024
12
     LOCATION:  Via Video Conference
13
     BEFORE:  Honorable Geoffrey W. Crawford
14              District Judge

15

16   **APPEARANCES**:

17   Jacob E. Reed, Esq.
     Alliance Defending Freedom
18   44180 Riverside Pkwy
     Lansdowne, VA 20176

19
     Gretchen M. Wade, Esq.
20   Wadleigh, Starr & Peters,  PLLC
     95 Market Street
21   Manchester, NH 03101

22   Jonathan T. Rose, Esq.
     Office of the Attorney General
23   109 State Street
     Montpelier, VT 05609

24

25                   - Continued on Next Page -

1    Patrick T. Gaudet, Esq.
     Vermont Attorney General's Office
2    HC 2 North, 280 State Drive
     Waterbury, VT 05671-2080

3

     Steven J. Zakrzewski, Esq.
4    Gordon & Rees, LLP
     One Financial Plaza, 755 Main Street
5    Suite 1700
     Hartford, CT 06103

6

     Pietro J. Lynn, Esq.
7    Lynn, Lynn, Blackman & Manitsky, PC
     76 St. Paul Street, Suite 400
8    Burlington, VT 05401

9    Jeremiah J. Galus, Esq.
     Alliance Defending Freedom
10   15100 North 90th Street
     Scottsdale, AZ 85260

11

12              TRANSCRIBED BY:  Sunnie Elizabeth Donath, RMR
                        United States District Court Reporter
13                          *verbatim@vermontel.net*

14

15

16

17

18

19

20

21

22

23

24

25

1          (The Court opened at 1:30 p.m.)

2          COURTROOM DEPUTY:  Your Honor, the matter before the

3    Court is Case Number 23-cv-652, Mid Vermont Christian School,

4    et al, versus Heather Bouchey, et al.  Present on behalf of the

5    plaintiff are attorneys Jacob Reed and Gretchen Wade.  Present

6    on behalf of defendants Heather Bouchey and Jennifer Deck

7    Samuelson are attorneys Jonathan Rose and Patrick Gaudet.

8    Present on behalf of defendants Christine Bourne, Hartland

9    School Board, Randall Gawel, and Waits River Valley School

10   Board is attorney Pietro Lynn.  Present on behalf of defendant

11   Jay Nichols is Steven Zakrzewski.

12       We are here on a motion for injunction pending appeal.

13          THE COURT:  All right.  Afternoon.  It's nice to see

14   everybody again.  I'll start with the easy lifting first and

15   grant Mr. -- is it "gal-us" or "gale-us"?

16          ATTORNEY GALUS:  It's "gal-us", Your Honor.

17          THE COURT:  I'll grant Mr. Galus's motion to appear

18   in the case and welcome you to the matter.

19          ATTORNEY GALUS:  Thank you.

20          THE COURT:  I think, beyond that, I see general

21   agreement that Mid Vermont's students can participate in what I

22   call activities:  the spelling bee, the geo bee, drama, math,

23   debate league, things of that nature.  I have a statement to

24   that effect from Mr. Zakrzewski, his alternative proposal, and

25   I have a statement from, filed by Mid Vermont that, even if a

1    transgender student appears on one of the other schools' teams,

2    that the Mid Vermont students will participate

3    enthusiastically.

4        I know there's a little skirmish around the corners, but I

5    think you have reached broad agreement on that principle.

6    Mr. Zakrzewski, is that how you see it?

7            ATTORNEY ZAKRZEWSKI:  Generally, yes, Your Honor, but

8    I do think that the issue raised in the last two sentences of

9    the document that the plaintiffs submitted earlier this

10   afternoon are important and do merit some consideration before

11   the parties can move forward.

12           THE COURT:  About the pronouns?

13           ATTORNEY ZAKRZEWSKI:  Correct.

14           THE COURT:  There's an easy answer to the pronouns.

15   I don't sense, at the debate club or the spelling bee, that the

16   kids address each other with a third-person pronoun

17   particularly, but they can always use a first name.  I think

18   this is, kind of like the disparagement issue you raised, a

19   nonissue as far as the high schoolers are concerned.

20       What do you propose that the Court do about use of "them"?

21   It's not just transgender students; it's a large swath of the

22   high school population now prefers, for all kinds of reasons,

23   to go by the pronoun "them".  It's true at college as well.

24   But I wasn't going to police that.  I just wanted the kids to

25   go and have the opportunity to compete.

1          ATTORNEY ZAKRZEWSKI:  That's also what we want, Your

2    Honor, and that's the offer that we're making, but our policy

3    refers to the Agency of Education's best practices, and the

4    best practices state that it's the policy of the state for

5    students to use pronouns consistent with each other's gender

6    identities, and then also, of course, the Public Accommodations

7    Act prohibits discrimination or harassment against students

8    based on gender identity.

9        So I think what we really want to avoid is anyone

10   intentionally misgendering someone, because that could

11   certainly be discriminatory or harassing, and, before the

12   plaintiffs are permitted to participate in these activities, it

13   would seem to behoove us to get a commitment that they're not

14   going to do that.

15          THE COURT:  I am a little concerned that you're just

16   torpedoing this entire process, but let's give Mr. Galus a

17   chance.  Maybe it's not a problem.

18          ATTORNEY REED:  Your Honor, if I may, I'll address if

19   that's fine with you.

20          THE COURT:  Of course.

21          ATTORNEY REED:  Thank you.  First of all, thank you

22   for, you know, the hearing and opportunity to discuss this.

23   Absolutely, Mid Vermont and its students would love to

24   participate in co-ed activities, as Your Honor is well aware.

25   With respect to this pronoun issue, I just want to make it

1    absolutely clear for the Court that Mid Vermont students would

2    not intentionally or purposefully, you know, use incorrect

3    pronouns or do anything of the sort that might be suggested by

4    my colleague on the other side.  So, to be clear, that's not

5    the goal here.  What Mid Vermont Christian and its students are

6    seeking clarity on from the VPA is simply that the VPA will not

7    compel it and force its students to use preferred pronouns.

8         We agree with Your Honor's previous suggestion there are

9    ways to navigate that.  You talk about names.  Certainly,

10    pronouns don't come up often in conversation.  So we do think

11    there are ways to navigate that, but we just want to make clear

12    for the Court that Mid Vermont Christian cannot engage in

13    speech that would violate its convictions, and we would ask the

14    VPA to answer the question whether they would require and force

15    our students to use preferred pronouns.  Again, we think there

16    are ways to navigate that, but I think the VPA needs to answer

17    that question.

18              THE COURT:  Well, I've got a suggestion for

19    Mr. Zakrzewski.  Why don't we just start and see if it's a

20    problem or not?  If it's not a problem, it's silly for the

21    kids, it's silly for the adults to sit here and try and game it

22    out ahead of time and obtain various court-sanctioned

23    commitments from each other when we could just start sending

24    kids to the spelling bee and see how they make out.

25              ATTORNEY ZAKRZEWSKI:  Your Honor, I'm hopeful that

1    that could work out as well.  I ask that you -- you know, we

2    just received this document that was filed before the hearing.

3    I haven't had a chance to review it with my clients or to talk

4    about this, so I'm reluctant to go out on a limb and act like I

5    have some authority that I might not personally have.  So I

6    would very much appreciate to talk with my clients about it,

7    but what you're saying does make sense to me, and I do very

8    much agree with the commitment that no one will be

9    intentionally using incorrect pronouns or trying to insult

10   anyone else in that way.

11            THE COURT:  Right.  And you just heard from Mr. Reed

12   that nobody has that plan in mind, and this is, we're just

13   running out of time.  This is the day.  I know that you have a

14   Second Circuit appeal.  I want to get out of the way of that

15   court as quickly as possible, not drag this thing on.  I think

16   we are largely at a point of agreement.  Do you want to make a

17   phone call and come back in five minutes?

18            ATTORNEY ZAKRZEWSKI:  I would, I think that would be

19   good if we could maybe stay in the conference here and I could

20   make a call on my cell phone.

21            THE COURT:  Yeah, yeah, we'll wait for you.  That's

22   fine, of course.

23            ATTORNEY ZAKRZEWSKI:  Thank you.  I'm going to turn

24   off my camera for a moment and mute myself.

25            THE COURT:  Sure.

1          (A recess was taken from 1:39 p.m. to 1:42 p.m.)

2                    THE COURT:  Okay.  Welcome back and thank you.

3                    ATTORNEY ZAKRZEWSKI:  No, thank you, Your Honor.

4     Yeah.  So we're not trying to force anyone to use pronouns or

5     speak a certain way, so we've, people want to use first names,

6     we've gotten an assurance that no one's going to intentionally

7     misgender anyone or refer to anyone by something inconsistent

8     with their gender identity, because then that would potentially

9     become discriminatory, harassing.  We might again be looking at

10    different actions that the VPA would have to take.  But we

11    have, seem to have a commitment on the record that that's not

12    going to happen.  We can move forward on that basis.

13                   THE COURT:  All right.  Does that work for you,

14    Mr. Reed?

15                   ATTORNEY REED:  I believe so, Your Honor.  I took the

16    VPA's position to be they will not seek to compel Mid Vermont

17    to use preferred pronouns.  That's what we're concerned with,

18    and, so long as that is the case, I think we're good.

19                   THE COURT:  All right.  And you said as well that you

20    were going to be respectful and diplomatic --

21                   ATTORNEY REED:  Sure.

22                   THE COURT:  -- in the way that your students conduct

23    themselves?

24                   ATTORNEY REED:  Yeah, absolutely.

25                   THE COURT:  It is, after all, a math bee.  I mean,

1    they'll really more concerned about whether your entry-level

2    calculus skills are up to snuff, not so much these other

3    issues.

4          ATTORNEY ZAKRZEWSKI:  We do want to be sure, Your

5    Honor, not to get in trouble with the State or the Agency of

6    Education.  We're not saying that it's okay to use pronouns for

7    someone other than their preferred pronouns, but, certainly,

8    there is the option of avoiding using pronouns entirely by

9    using names or something else, and that's --

10          THE COURT:  Sure.  And, if this all becomes a

11    problem, which I don't think it will, you can always come back

12    to court.

13          ATTORNEY ZAKRZEWSKI:  Thank you, Your Honor.

14          THE COURT:  Mr. Reed, do you need an order on this,

15    or are you satisfied with the invitation you've received today

16    directly from the VPA to achieve this limited enrollment?

17          ATTORNEY REED:  I do think an order would be helpful,

18    Your Honor, given the nature of how this case has progressed,

19    so we would appreciate any order from the Court on this front.

20          THE COURT:  All right.  And Mr. Zakrzewski, how do

21    you see it?

22          ATTORNEY ZAKRZEWSKI:  I think that would -- it can't

23    hurt, Your Honor.

24          THE COURT:  Yeah, all right.  I'll put a couple of

25    paragraphs together.  I'm just thinking what procedural box to

1    put it in.  I suppose it's a preliminary injunction.  I'll give

2    it a little bit of thought.

3            ATTORNEY REED:  And, Your Honor, if I can add one

4    point if I may, regarding the order, we would appreciate the

5    VPA's commitment to not compel Mid Vermont to use preferred

6    pronouns in that order, which I believe is what is on the

7    transcript here today, but that would be helpful in the order

8    as well.

9            THE COURT:  Yeah, I think you both put your best foot

10   forward, and I'll see if I can't reflect that.

11           ATTORNEY REED:  Thank you, Your Honor.

12           THE COURT:  I think I'll style it as a, you know, a

13   partial settlement or something like that --

14           ATTORNEY ZAKRZEWSKI:  Yeah.

15           THE COURT:  -- and quote your, each of your filings.

16           ATTORNEY ZAKRZEWSKI:  Yeah, we would appreciate not

17   indicating that we agreed that anyone could do anything that

18   violates the best practices that have been issued by the Agency

19   of Education.

20           THE COURT:  Yeah, right.  All right.  I think that's

21   as much as we can do.  I'll turn you over to the Circuit.  I'll

22   indicate in the order that this is my last action on these

23   preliminary and Rule 62 injunctions and let you get on with

24   your appeal.

25       From your side, Mr. Zakrzewski, anything else that we need

1    to cover?

2              ATTORNEY ZAKRZEWSKI:  Not at this time, Your Honor.

3              THE COURT:  Mr. Reed?

4              ATTORNEY REED:  No, thank you, Your Honor.

5              THE COURT:  Okay.  I appreciate speaking with both of

6    you, and anybody else?  I know I've left -- I thought it was

7    really an issue with the VPA, but, Mr. Lynn, anybody else that,

8    Mr. Rose, have anything to contribute?

9              ATTORNEY LYNN:  Not from me, Your Honor.  One of the

10   rare moments where I have nothing to say.

11             ATTORNEY ROSE:  Nothing.  Oh, sorry.  Nothing from us

12   either, Your Honor.  Thank you.

13             THE COURT:  Okay.  Anybody else that I've overlooked?

14   Good.  I'll let you guys go.  Thanks so much.

15             (Whereupon at 1:47 p.m. the hearing was adjourned.)

16                   C E R T I F I C A T E

17             I, Sunnie Donath, RMR, Official Court Reporter

18   for the United States District Court, District of Vermont, do

19   hereby certify that the foregoing pages are a true and accurate

20   transcription of my stenographic notes of the hearing taken

21   before me in the above-titled matter on July 29, 2024 to the

22   best of my skill and ability.

23

                        *Sunnie Donath, RMR*

24        --------------------------------

25                  Sunnie Donath, RMR