**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| **MID VERMONT CHRISTIAN SCHOOL**, on behalf of itself and its students and its students' parents; **ABEL GOODWIN**; **M.G.**, by and through her parents and natural guardians, Christopher and Bethany Goodwin; **CHRISTOPHER GOODWIN**, individually; **BETHANY GOODWIN**, individually; **O.P.**, by and through his father and natural guardian, Nathan Partington; and **NATHAN PARTINGTON**, individually, <br><br> Plaintiffs, <br><br> v. <br><br> **ZOIE SAUNDERS,** in her official capacity as Secretary of the Vermont Agency of Education and in her individual capacity; **JENNIFER DECK SAMUELSON**, in her official capacity as Chair of the Vermont State Board of Education and in her individual capacity; **WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD**; and **JAY NICHOLS**, in his official capacity as the Executive Director of The Vermont Principals' Association and in his individual capacity, <br><br> Defendants. | Case No. 2:23-cv-00652 <br><br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> **(Oral Argument Requested)** |

Plaintiffs respectfully move this Court for a preliminary injunction pursuant to Fed. R. Civ. P. 65. This Motion is supported by (1) the attached Memorandum in Support, (2) the attached Declaration of Vicky Fogg, (3) the attached Declaration of Nathan Partington, and (4) the Amended Verified Complaint and its exhibits (ECF 100).

This lawsuit is now the sixth legal challenge (at least) that religious schools and parents have had to file within the last seven years in order to receive public education benefits in Vermont. *See A.H. ex rel. Hester v. French,* 985 F.3d 165 (2d Cir. 2021) (exclusion from the Dual Enrollment Program); *In re A.H.*, 999 F.3d 98 (2d Cir. 2021) (exclusion from Town Tuition Program); *E.W. v. French*, Case No. 2:22-cv-59 (D. Vt. Feb. 24, 2022) (same); *Valente v. French*, Case No. 2:20-cv-00135 (same); Verified Complaint, ECF 1 (exclusion of Mid Vermont because of Rule 2200's nondiscrimination requirements). But Supreme Court precedent is clear: if a state offers public benefits to private schools, it cannot then exclude religious schools, no matter "how the benefit and restriction are described." *Carson v. Makin*, 596 U.S. 767, 789 (2022).

Vermont's latest iteration, Act 73, tries to work around the First Amendment through a covert, de facto religious exclusion. Yet the Supreme Court has already warned against such attempts to "recast a condition on funding" by "manipulat-[ing]" the "definition of a particular program." *Id.* at 784 (citation modified). Act 73 does just that by "redefining" which approved independent schools are eligible—a definition that cuts out every single religious school. Act 73 violates the First and Fourteenth Amendments, and its exclusion of Plaintiffs should be enjoined as the case proceeds. Absent an injunction, Plaintiffs will continue to be irreparably harmed: they will remain excluded from Vermont's public benefits, Mid Vermont will not be able to use such benefit programs to recruit new families, and Nathan

1

Partington will be forced to pick between his religious exercise or a tuition voucher that his tax dollars pay for.

Plaintiffs request that the Court order the following preliminary injunction:

1.      Enjoin Defendants Saunders and Samuelson—and their agents, employees, and representatives—from denying, or directing local school districts to deny, Town Tuition, Dual Enrollment, or Early College Program funding to Mid Vermont Christian School and its students based on Act 73.

2.      Enjoin Defendants Saunders and Samuelson—and their agents, employees, and representatives—from enforcing 16 V.S.A. § 828(a)(2)(C) (the geographic restriction); 16 V.S.A. § 828(a)(2)(D) (the public-funding floor); and 16 V.S.A. § 828(a)(2)(E) (minimum class size requirements) against Mid Vermont Christian School.

3.      Order Defendants Saunders and Samuelson—and their agents, employees, and representatives—to classify Mid Vermont Christian School as an "approved independent school eligible for public funding."

4.      Enjoin Defendant Waits River Valley School Board from denying Nathan Partington town tuition funding for O.P. to use at Mid Vermont Christian School.

5.      Issue the above relief without bond.


Dated: January 20, 2026              Respectfully submitted,

                                     *s/ David Cortman*
                                     David Cortman
                                     AZ Bar No. 29490
                                     Ryan J. Tucker*
                                     AZ Bar No. 034382
                                     Katherine Anderson*
                                     AZ Bar No. 033104
                                     ALLIANCE DEFENDING FREEDOM
                                     15100 N. 90th Street
                                     Scottsdale, AZ 85260

Telephone: (480) 444-0020
dcortman@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org

Jacob E. Reed*
VA Bar No. 97181
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
jreed@ADFlegal.org

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

_s/David Cortman_
David Cortman
_Counsel for Plaintiffs_

4