# UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF VERMONT

| | |
|---|---|
| **MID VERMONT CHRISTIAN SCHOOL**, on behalf of itself and its students and its students' parents; **ABEL GOODWIN; M.G.**, by and through her parents and natural guardians, Christopher and Bethany Goodwin; **CHRISTOPHER GOODWIN**, individually; **BETHANY GOODWIN**, individually; **O.P.**, by and through his father and natural guardian, Nathan Partington; and **NATHAN PARTINGTON**, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>**ZOIE SAUNDERS**, in her official capacity as Secretary of the Vermont Agency of Education and in her individual capacity; **JENNIFER DECK SAMUELSON**, in her official capacity as Chair of the Vermont State Board of Education and in her individual capacity; **WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD;** and **JAY NICHOLS**, in his official capacity as the Executive Director of The Vermont Principals' Association and in his individual capacity,<br><br>        Defendants. | Case No. 2:23-cv-00652<br><br>**DECLARATION OF VICKY FOGG IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, Vicky Fogg, hereby declare as follows:

1.      I am a citizen of the United States and a resident of the state of Vermont. I am competent to make this declaration, and I make this declaration based on my personal knowledge.

2.      I am the Head of School of Mid Vermont Christian School in Quechee, Vermont. I have held this position since July 1, 2019.

3.      Prior to the 2022–2023 academic school year, the Vermont Agency of Education told school districts that religious schools were not eligible for public tuition through the Town Tuition Program.

4.      On September 13, 2022, after the school year started, former Secretary of Education Daniel French issued guidance telling superintendents that school districts could no longer deny tuition payments to religious approved independent schools because of the Supreme Court's decision in *Carson v. Makin*. A true and correct copy of that guidance is Exhibit 5 to the Amended Verified Complaint.

5.      The 2022–2023 school year was the first year that the Agency of Education permitted religious schools to receive public tuition funds.

6.      Despite all this, before the start of the next school year (2023–2024) the Agency classified Mid Vermont Christian a "Recognized Independent School," meaning that the school was again ineligible for public tuition. That notice is Exhibit 7 to the Amended Verified Complaint. That caused two local school districts to recoup tuition payments from the School.

7.      This forced Mid Vermont to file this lawsuit in November 2023.

8.      After Mid Vermont Christian sued, the Agency of Education apparently changed its position and, contrary to its prior statements, said that Mid Vermont Christian remained an Approved Independent School eligible for public tuition because the Board of Education never officially acted on the school's prior application for

2

Approved Independent School status. A true and correct copy of that letter is Exhibit 9 to the Amended Verified Complaint.

9. After Mid Vermont sued, it ended up receiving public tuition for 3 students during the 2023–2024 school year.

10. Mid Vermont Christian had 115 total students in grades K-12 during the 2023–2024 school year.

11. Mid Vermont had 18 new enrollees for the 2023–2024 school year, meaning it was their first year enrolled at Mid Vermont.

12. Even if all 18 of those new enrollees were publicly funded students (none were), only 15% of Mid Vermont's student enrollment during the 2023–2024 school year would have been publicly funded.

13. I understand that under Act 73, approved independent schools must satisfy several new criteria to be eligible for public tuition funds. This includes a requirement that at least 25% of a school's student enrollment for the 2023–2024 school year must have been students attending on a district-funded tuition basis.

14. Mid Vermont could not meet that 25% threshold for the 2023–2024 school year.

15. Based on my understanding, no religious school in Vermont could have met that 25% requirement during the 2023–2024 year.

16. Because Mid Vermont was excluded from the Town Tuition Program for many years and had to seek legal relief to receive funds for the 2023–2024 school year, the school had no realistic opportunity to build-up its tuitioned student enrollment to reach the 25% threshold during the 2023–2024 school year.

17. Because Mid Vermont could not satisfy the 25% threshold for the 2023–2024 school year, it is forever excluded barred from the Town Tuition Program. No new students will be able to use a town tuition voucher at Mid Vermont, so the school's percentage of tuitioned students can only further decrease.

3

18. I also understand that under Act 73, an approved independent school must be located in a supervisory district that does not operate a public school, or a supervisory union with a member school district that does not operate a public school, for some or all grades as of July 1, 2024.

19. Before Act 73, to receive public tuition, a private school's location did not matter; only the tuitioned student's location mattered.

20. Mid Vermont Christian is located in the Hartford School District, which operates schools for grades K-12.

21. And 11 of the 15 religious schools are automatically ineligible for public tuition because they are in a school district or union that operates public school for all grades. A true and correct list of Vermont's religious schools, including their location, is attached to this declaration as Exhibit 1.

22. And to receive public tuition under Act 73, an approved independent school must comply with average minimum class size requirements under Vermont law: 10 students for first-grade; 12 students for grades two through five; 15 students for grades six through eight; and 18 students for grades nine through 12.

23. Mid Vermont Christian cannot meet these average minimum class size requirements. We purposely keep our class sizes small to ensure each student can maintain a close personal relationship with their teacher. This close relationship helps instill our Christian beliefs in every student and is paramount to our Philosophy of Education, which is posted on our website: "Each student is privileged to learn under a born-again, Bible-believing, Christian teacher who attempts to model Christ-like behavior. As students grow and develop, each of these 'models' of Christ enables them to understand the way in which the Christian life is to be lived. Whether through activity, lecture, or discovery, students learn in a context that is thoroughly Christian." A true and correct copy of our website pages are Exhibit 2 to the Amended Verified Complaint.

4

24.     So we believe that larger classes, where one teacher is responsible for dozens of students, detract from learning and hinders the Christian-model education we provide. Small class sizes mean more one-on-one interaction, leading to better performance and spiritual discipleship.

25.     Mid Vermont cannot meet Act 73's new criteria: the 25% threshold requirement, the geographic location requirement, nor the minimum class size requirement.

26.     This directly harms the school and treats it as a second-class private school.

27.     The denial of public funding itself injures the school, but the harm goes beyond the mere loss of dollars.

28.     For instance, prospective tuitioned students are now disincentivized from enrolling at Mid Vermont because their sending school districts will not pay for their tuition at Mid Vermont.

29.     For those students, Mid Vermont is simply no longer an option.

30.     And because Mid Vermont is ineligible for public tuition funding, its students are automatically ineligible for Vermont's Early College and Dual Enrollment programs.

31.     Mid Vermont has current students who want to participate in the Early College and Dual Enrollment programs but now cannot due to Act 73.

32.     The inability for Mid Vermont students to participate in these programs is another harm because it also disincentivizes parents from enrolling their children here.

33.     And Mid Vermont can no longer use the Town Tuition, Dual Enrollment, or Early College Programs as a recruiting tool for sending district students.

34.     This restricts Mid Vermont's ability to grow its enrollment, shrinks the opportunities to teach and minister to more students, and hinders the overall mission of the school.

35.     These lost opportunities irreparably harm the school every day.

36.     If this Court issues an injunction permitting Mid Vermont to receive public tuition funding, it will advertise that fact to the public and seek to enroll more families that live in sending districts.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 16 day of January, 2026, in Quechee, Vermont.

Vicky Fogg